MEMORANDUM *
Denise Salaz appeals the district court’s order affirming the denial of her application for disability insurance benefits and supplemental security income. We review the administrative law judge’s (ALJ) decision without deference to the district court. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999).
The ALJ’s decision is not supported by substantial evidence or free of legal error. See Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir.2002). Therefore, we vacate and remand for further proceedings.
1. The ALJ did not provide “clear and convincing” reasons — supported by substantial evidence — for giving minimal weight to the opinions of Salaz’s two treating physicians. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1995). The ALJ was required to articulate “clear and convincing” reasons for rejecting any portion of either treating physician’s opinion because she did not find that either opinion was contradicted by another physician’s opinion.[1] See id.; Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir.2014). The ALJ gave minimal weight to the treating physicians’ opinions on the basis that they were not well-supported by evidence in the record. However, finding that a treating physician’s opinions are not “well-supported” by medical evidence merely relieves the ALJ from having to give the physician’s opin *928 ions “controlling weight.” See 20 C.F.R. § 404.1527(c)(2), (d)(2); Orn v. Astrue, 495 F.3d 625, 631 (9th Cir.2007).
The ALJ further explained that the treating physicians’ opinions were “inconsistent with the evidence in the record.” However, the ALJ only pointed to two places in the record that were allegedly inconsistent with the treating physicians’ opinions: (1) one physician’s statements encouraging Salaz to diet and exercise to accomplish weight loss and (2) Salaz’s reported improvements with treatment. Neither fact is convincing. First,' the record shows that, although Salaz was encouraged to lose weight, her physician recommended diet and low impact exercises that would not require her to stand or walk for more than two hours per day. Second, although Salaz reported intermittent improvement with regard to her allegedly disabling symptoms, the record shows that none of the improvements were significant or lasting.[2]
2. The ALJ provided specific reasons for finding Salaz not fully credible, but those reasons are not convincing, because they lack support in the record. See Molina v. Astrue, 674 F.3d 1104, 1112-13 (9th Cir.2012). We agree that the medical record contains some evidentiary gaps. However, the existing medical evidence does not contradict Salaz’s pain and symptom testimony, as the ALJ claims. Rather, Salaz’s testimony is largely consistent with the medical records, her treating physicians’ opinions, and her daily activities. Although Salaz continued to work from home after quitting her last job, the ALJ failed to establish that Salaz’s at-home work responsibilities were inconsistent with a disability finding.
3. Athough the ALJ’s findings are not supported by substantial evidence, it is not clear from the record that Salaz is entitled to benefits. See Garrison, 759 F.3d at 1019. Some “essential factual issues” remain to be resolved. Treichler v. Comm’r of Soc. Sec. Admin., 775 F.3d 1090, 1101 (9th Cir.2014). Therefore, we believe “additional proceedings [could] remedy defects in the original administrative proceeding.” Garrison, 759 F.3d at 1019 (quoting Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981)). In particular, the ALJ should: (a) “conduct an appropriate inquiry” to determine the basis of Salaz’s treating physicians’ opinions before evaluating them, Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.1996); (b) explain the extent of her reliance on the opinions of the three Social Security Administration medical examiners (referenced only by the district court); (c) determine the extent of Salaz’s at-home work duties (to establish whether that work was inconsistent with her symptom allegations); and (d) determine whether the medical evidence supports a finding that Salaz could remain physically and mentally available for the extent of an eight-hour work day.
4. Because the ALJ erred by failing to give clear and convincing reasons for rejecting aspects of Salaz’s treating physi *929 cians’ opinions and Salaz’s symptom testimony, we vacate the residual functional capacity selected by the ALJ and remand for further proceedings.
The parties shall bear their own costs.
VACATED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Even if the ALJ had found that the treating physicians’ opinions were contradicted by other physicians’ opinions, the ALJ still would have been required to provide " 'specific and legitimate reasons’ supported by substantial evidence in the record” before rejecting them. Lester, 81 F.3d at 830.

. The dissent cites additional evidence — not relied on by the ALJ — to contradict the treating physicians’ opinions. However, the dissent characterizes the treating physicians’ opinions and the medical evidence in the record differently than we do. For instance, Salaz’s physician did not opine that Salaz had three irritable bowel syndrome (IBS) episodes per day with each episode lasting three hours (an opinion that would have been an exaggeration). The physician opined that Salaz had IBS symptoms three times per day and that together Salaz’s IBS symptoms and her fibro-myalgia pain lasted more than three hours per day. Salaz’s physician’s opinion is consistent with Salaz’s explanation of her symptoms and her daily activities (which appear to revolve around her IBS symptoms). Further, the record shows that Salaz took medication for IBS throughout the relevant period.